Michael A. Abramson, Esq., SBN 79690
8862 Cashio Street
Los Angeles, California 90035
(310) 247-9302;(310) 551-5419 (fax)
maalaw@hotmail.com

Baruch C. Cohen, Esq., APLC (SBN 159455)
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501 Fax (323) 937-4503
BCC4929@aol.com

Attorneys for Plaintiff/Creditor,
555 Marin Vista, LLC



# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA (SAN FERNANDO VALLEY)

| | |
|---|---|
| In re Fardad Farhat; Becky Suzanne Breitbarth,<br><br>Joint Debtors | Case No. 1:09-bk-16819-GM<br><br>555 MARIN VISTA LLC'S FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(4), (6); and, OBJECTION TO DISCHARGE UNDER 11 U.S.C. §§ 727(a)(3),(4), and (5) |
| 555 MARIN VISTA, LLC, a California limited liability company,<br>Plaintiff,<br>v.<br>FARDAD FARHAT, an individual; BECKY SUZANNE BREITBARTH, an individual<br>Debtors/Defendants | Chapter 7<br><br>The Honorable Judge Geraldine Mund<br><br>Adversary Proceeding No. 1:09-AP-01362GM |

TO THE HONORABLE JUDGE GERALDINE MUND:

    Plaintiff, 555 Marin Vista, LLC (hereinafter, "Marin"), a creditor and party in interest in the above-referenced bankruptcy proceeding, files this Complaint to Determine

Nondischargeability of Debt under 11 U.S.C. §§ 523(a)(4), (6); and, Objection to Discharge under 11 U.S.C. §§ 727(a)(3),(4), and (5) (the "Complaint"), and in support thereof respectfully represents to the Court as follows:

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §§ 1334 and 157(b)(2)(I), 11 U.S.C. §§ 523(a)(4),(6) and 727(a)(3),(4),(5), since this is a proceeding to determine the nondischargeability of a particular debt, and is related to the Chapter 7 bankruptcy case of Fardad Farhat (the "Debtor") and Becky Suzanne Breitbarth ("Joint Debtor", and collectively with Debtor, the "Debtors") Case No. 1:09-bk-16819-GM, which is currently pending before this Court in the Central District of California, San Fernando Valley Division.

2. This Court has fixed September 8, 2009 as the last day to file a Complaint to Object to Discharge of Debtor Under 11 U.S.C. § 727 and to Determine Nondischargeability of Debt Under 11 U.S.C. § 523. This Complaint, therefore, has been timely filed.

3. This adversary complaint was filed on September 4, 2009. Defendant has not responded. Therefore, this first amended complaint has been timely filed.

4. The Debtor may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to Debtor's counsel of record at James T. King Esq., King & Associates, 315 W. Arden Ave., Ste 28, Glendale, CA 91203 and to Debtor and Joint Debtor at 2221 Silver Springs Dr, Westlake Village, CA 91361, which address constitutes either the Debtor's dwelling house or usual place of abode or the place at which the Debtor regularly conducts a business or profession.

5. Marin is a creditor of the Debtor, with a claim of Sixty Two Thousand Eight Hundred Seventy Nine Dollars ($62,879.00). Marin's claim against the Debtor is evidenced by a written AIA Document A107-2007 Standard Form of Agreement Between Marin and Debtor for a Project of Limited Scope dated as of December 1, 2008. Under that contract, Debtors as

general contractor were to perform certain construction work on Marin's property located at 555 Marin Street, Thousand Oaks, California (hereinafter "Project"). Debtors were to employ various subcontractors to do this work. Marin was obligated to pay Debtor all sums due for the work, and Debtor was in turn obligated to pay the subcontractors for their work on the project.

## FIRST CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT TO MARIN UNDER 11 U.S.C. §523(a)(4)

6. Marin repeats, realleges and embodies herein by this reference paragraphs 1-4 above, as if fully set forth herein.

7. The Debtor engaged in embezzlement, and in the absence of said embezzlement, Marin would not have incurred the losses attributable to the Debtors. Specifically, Marin paid Debtors approximately $62,879.00 in funds designated for payment to the subcontractors who performed work on the Project. Instead of paying these funds to the subcontractors, Debtors converted the funds to their own use and refused to account for same.

8. Such conduct violates 11 U.S.C. §523(a)(4) and, therefore, the Debtor's indebtedness to Marin in the amount of $62,879.00 constitutes a nondischargeable debt.

## SECOND CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT TO MARIN UNDER 11 U.S.C. §523(a)(6)

9. Marin repeats, realleges and embodies herein by this reference paragraphs 1-7 above, as if fully set forth herein.

10. Such conduct by Debtors was willful and malicious and resulted in injury to Marin's property. Specifically, Debtors converted for their own use Marin's funds, which Marin designated for the payment of subcontractors who performed work on the Project.

11. Such conduct violates 11 U.S.C. §523(a)(6) and, therefore, the Debtor's indebtedness to Marin in the amount of $62,879.00 constitutes a nondischargeable debt.

## THIRD CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT TO MARIN UNDER 11 U.S.C. §727(a)(3)

12. Marin repeats, realleges and embodies herein by this reference paragraphs 1-10 above, as if fully set forth herein.

13. The Debtors have concealed, falsified, or failed to keep or preserve recorded information, including books and records reflecting the payments Marin made to Debtors. As general contractor, Debtors were responsible for properly recording, and dispersing payments designated for subcontractors who worked on the Project. When asked about the accounting for such payments at the first meeting of creditors, Debtors failed and refused to provide any response. Debtors were asked specifically about the records and accounting for these payments, yet the Debtors failed to produce any documents and failed to explain the absence of the records for these payments.

14. Such conduct violates 11 U.S.C. §727(a)(3) and, therefore, the Debtor's discharge is properly denied.

## FOURTH CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT TO MARIN UNDER 11 U.S.C. §727(a)(4)

15. Marin repeats, realleges and embodies herein by this reference paragraphs 1-13 above, as if fully set forth herein.

16. Debtors knowingly and fraudulently obtained money from Marin, specifically, payments due to subcontractors who worked on the project. Debtors requested the payments knowing that Debtors would not pay the sums due to the subcontractors. Marin paid these amounts in reliance on the Debtors representations that they would pay the subcontractors. Marin was ignorant of the fact that Debtors intended to convert the sums paid to their own use. As a result, Marin was subjected to the recording of mechanics liens by unpaid subcontractors and suffered the loss of approximately $62,879.00

17. Such conduct violates 11 U.S.C. §727(a)(4) and, therefore, the Debtor's discharge is properly denied.

## FIFTH CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT TO MARIN UNDER 11 U.S.C. § 727(a)(5)

18. Marin repeats, realleges and embodies herein by this reference paragraphs 1-16 above, as if fully set forth herein.

19. The Debtors have failed and refused to explain satisfactorily the loss of the $62,879.00 payments made by Marin to Debtors for the benefit of the subcontractors. When asked about the accounting for such payments at the first meeting of creditors, Debtors refused to provide any information. Debtors were asked by the Trustee about the records and accounting for these payments, yet as of the date hereof, Debtors have failed to produce any documents to the Trustee and failed to explain to the Trustee the absence of the records for these payments.

20. Such conduct violates 11 U.S.C. §727(a)(5) and, therefore, the Debtor's discharge is properly denied.

WHEREFORE, Marin respectfully requests that this Court, upon trial:

1. Order that the Debtors' indebtedness to Marin in the amount of $62,879.00 constitutes a nondischargeable debt pursuant to 11 U.S.C. §§523(a)(4), (6) and 11 U.S.C. §§ 727(a)(3),(4), and (5).

2. Grant a nondischargeable judgment in the amount of $62,879.00 in favor of Marin and against the Debtors plus prejudgment and postjudgment interest as provided by law, reasonable attorney's fees, costs and expenses;

3. Deny Debtor's discharge under 11 U.S.C. §§ 727(a)(3),(4), and (5).

4. Grant Marin such other and further relief to which Marin may be justly entitled.

//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: September 14, 2009 | Respectfully submitted, |
| 2 | | |
| 3 | | ___/s/___ |
| 4 | | Michael A. Abramson, Esq., |
| | | California Bar No. 79690 |
| 5 | | Attorney for 555 Marin Vista, LLC |
| | | 8862 Cashio Street |
| 6 | | Los Angeles, CA 90035 |

OBJECTION TO DISCHARGEABILITY 6 4108(23).ple

**PROOF OF SERVICE**
**U.S. BANKRUPTCY COURT,**
**CENTRAL DISTRICT OF CA**

**In re:** *555 Marin Vista, LLC*
*Adversary Proceeding No. 1:09-AP-01362GM*

I am a citizen of the United States and a resident of the County aforesaid. I am over the age of 18 years and not a party to the within entitled action. My business employment address is 8862 Cashio Street, Los Angeles, California 90035.

On the date indicated next to my signature below, I served the foregoing document described as

**PLAINTIFF 555 MARIN VISTA, LLC'S FIRST AMENDED COMPLAINT
TO DETERMINE NONDISCHARGEABILITY OF DEBT,
SUMMONS AND NOTICE OF STATUS CONFERENCE**

on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

__****__ (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail on the date indicated below.

__****__ (Federal) I declare that I am an employee in the offices of a member of the State Bar of this court at whose direction the service was made.

_____ (By Facsimile) I served this document on the interested parties in this action by transmitting a true copy to the fax numbers indicted above.

_____ (Hand Delivery) The correspondence or documents were placed in a sealed, labeled envelope and served by personal delivery.

_____ (State) I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed at Los Angeles, California on September 14, 2009.

_____
Michael A. Abramson

PROOF OF SERVICE     1     4108(23).ple

SERVICE LIST

| | |
|---|---|
| James T. King Esq.<br>King & Associates<br>315 W. Arden Ave., Ste 28<br>Glendale, CA 91203 | [Counsel for Debtor and Joint Debtor] |
| Farhat Fardad<br>2221 Silver Springs Dr.<br>Westlake Village, CA 91361 | [Debtor] |
| Becky Suzanne Breitbarth<br>2221 Silver Springs Dr.<br>Westlake Village, CA 91361 | [Joint Debtor] |
| David Seror<br>9401 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212 | [Trustee] |
| United States Trustee (SV)<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, CA 91367 | [U.S. Trustee] |

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Michael A. Abramson, Esq.   Baruch C. Cohen, Esq.<br>SBN 79690   SBN 159455<br>8862 Cashio Street   4929 Wilshire Blvd, Ste 940<br>Los Angeles, CA 90035   Los Angeles, CA 90010<br>(310) 247-9302   (323) 937-4501<br>(310) 551-5419   (323) 937-4503<br><br>*Attorney for Plaintiff* 555 Marin Vista, LLC | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Fardad Farhat (Debtor)<br>Becky Suzanne Breitbarth (Joint Debtor)<br><br>Debtor. | CHAPTER 7<br>CASE NUMBER 1:09-bk-16819-GM<br>ADVERSARY NUMBER: 09-ap-01362-GM |
|---|---|
| 555 Marin Vista, LLC<br>Plaintiff(s),<br>vs.<br>Fardad Farhat (Debtor); Becky Suzanne Breitbarth (Joint Debtor)<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

RECEIVED SEP - 4 2009 CLERK, U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY Deputy Clerk

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by **OCT - 5 2009**, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: **NOV - 4 2009** | Time: 1:30 P.M. | Courtroom: 303 | Floor: 3rd |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☒ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: **SEP - 4 2009**

JON D. CERETTO
Clerk of the Bankruptcy Court

By: *[signature]*
Deputy Clerk

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)

F 7004-1